STATE, Respondent v. EAKES, Appellant

(215 N.W.2d 129)

(File No. 11061. Opinion filed February 15, 1974)

Woods, Fuller, Shultz & Smith and Timothy J. Nimick, Sioux Falls, for defendant and appellant.

Kermit A. Sande, Atty. Gen., Neil Carsrud, Asst. Atty. Gen., Pierre, for plaintiff and respondent.

PER CURIAM.

In an opinion of this Court on April 5, 1973, reported in 206 N.W.2d 272, the conviction of the defendant Norman Eakes, in the Municipal Court of City of Sioux Falls, South Dakota, was affirmed.

And whereas, in the 1973 Term, the said cause having been submitted to the Supreme Court of the United States on petition for writ of certiorari and response thereto, and the Court having granted the said petition,

The United States Supreme Court on November 12, 1973 vacated the judgment of this Court and remanded the same to the Supreme Court of the State of South Dakota for further consideration in light of Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973); Paris Adult Theatre I v. Slaton, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973); Kaplan v. California, 413 U.S. 115, 93 S.Ct. 2680, 37 L.Ed.2d 492 (1973); United States v. 12 200-ft. Reels of Super 8mm. Film, 413 U.S. 123, 93 S.Ct. 2665, 37 L.Ed.2d 500 (1973); United States v. Orito, 413 U.S. 139, 93 S.Ct. 2674, 37 L.Ed.2d 513 (1973); Heller v. New York, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745 (1973); Roaden v. Kentucky, 413 U.S. 496, 93 S.Ct. 2796, 37 L.Ed.2d 757 (1973); and Alexander v. Virginia, 413 U.S. 836, 93 S.Ct. 2803, 37 L.Ed.2d 993 (1973).

In conformity with the remand, further proceedings have been had in this Court as accord with the right and justice and the Constitution and Laws of the United States, and

It appearing to this Court that the film seized in this case was being exhibited at a commercial theatre showing regularly scheduled performances to the general public and further that the seizure of said film was made by peace officers solely on their conclusions that the film was obscene and that the seizure was made without a warrant and was thereafter admitted in evidence in the Municipal Court in the action against the defendant, and

It further appearing that the Attorney General of the State of South Dakota concedes that the seizure of the film in this case is violative of defendant's rights as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States as set forth more fully in the case of Roaden v. Kentucky, supra, and this Court being of the same opinion,

Now, therefore, in compliance with the remand of the Supreme Court of the United States and its holding in Roaden v. Kentucky, supra, we vacate the judgment of the Court entered on the 5th day of April, 1973, and the judgment of the Municipal Court of Sioux Falls, South Dakota, is hereby reversed.

BIEGELMEIER, C. J., and WINANS and WOLLMAN, JJ., concur.

DUNN and DOYLE, JJ., not participating.